AGRICULTURE & MARKETS LAW §§ 109(1)(a), 109(1)(c), 109(1)(e), 109(1)(f), 111(1), 114, 117(1)(a), 117(4), 117(6); SESSION LAWS L. 1978, CH. 220 § 2

A consistently- and accurately-maintained list of dogs licensed by a town may constitute a valid component of a system whereby owners redeem their seized dogs by producing proof of the identity of the owner and, if necessary, of the dog.

December 12, 2016


Donald W. Biggs                                            Informal Opinion
Attorney for Town of Peru                                  No. 2016-3
O'Connell & Aronowitz
206 West Bay Plaza
Plattsburgh, New York 12901

Dear Mr. Biggs:

You have requested an opinion regarding Agriculture & Markets Law ("Ag & Mkts") § 117(4). This statute relates to a dog owner redeeming a dog that was seized by an animal control officer when the dog was not on its owner's premises and was not wearing its tag with its municipally-assigned identification number. The owner can redeem the dog within five days, upon payment of the redemption fee, provided that he or she "produces proof that the dog has been licensed and has been identified." Ag & Mkts § 117(4). Similarly, the owner of a dog wearing its identification number when it was seized must produce "proof that the dog was licensed" to redeem the dog. Ag & Mkts § 117(6). You have advised that the Town is considering creating and maintaining a list of all dogs licensed in the town and providing the list to the animal shelter. You have asked whether the animal shelter, referring to this list, can return a dog to an owner whose name is included on the list instead of requiring the owner to produce the dog's license to redeem the dog. In essence, you are asking whether the requirement that an owner "produces proof" can be satisfied by reference to a Town-maintained list. As explained below, we are of the opinion that the Town's proposed list could be used in conjunction with other corroboration provided by a dog owner when redeeming his or her seized dog.

The owner of a dog must get the dog licensed. Ag & Mkts § 109(1)(a). The first time a dog is licensed by a licensing municipality (for example, the Town), the licensing municipality assigns the dog an identification number. Ag & Mkts § 111(1). The municipality also provides a tag with the number that is to be always worn by the dog (or at least whenever it is not on its owner's premises). *Id.* §§ 111(1), 117(1)(a). To license a dog, an owner of record completes an application that includes the dog's sex, actual or approximate age, breed, color, any identifying marks, and identification number, as well as the owner's name, address, telephone number,

county and town (or city or village) of residence. Ag & Mkts § 109(1)(c). Upon validation of the application by the licensing officer, the application becomes the license. *Id*. § 109(1)(e). The licensing officer provides a copy of the license to the owner; a copy also is maintained by the licensing municipality. *Id*. § 109(1)(f).

In sum, having licensed a dog, the owner of record receives from the licensing officer a copy of the license; he or she also will receive or previously received a tag with the dog's identification number. The license documents the relationship between the owner of record and a dog of a particular description; the identification number, included on both the license and the dog's tag, indicates the specific dog.

Turning to the question of the type of proof that an owner must provide, we note that section 117 does not require that the owner show the license to redeem the dog, it only requires that the owner produces "proof." The statute is silent as to what constitutes adequate proof. A predecessor to section 117 did require that the owner produce the dog's license. Ag & Mkts § 114 (McKinney's 1938). But in 1978, the Legislature eliminated the requirement that an owner produce the dog's license to redeem a seized dog. L. 1978, ch. 220, § 2. In our view, this change in the statutory language indicates that the Legislature contemplated that something other than the actual license could suffice to demonstrate ownership and compliance with licensing and identification requirements. Moreover, section 117's requirement that an owner "produce" proof does not specify the source of the proof and thus does not preclude that proof coming from a government-maintained source, such as the Town's proposed list.

Turning to that list, we assume that it would include the name of the dog's owner of record and the dog's identification number (the dogs on the list, having valid licenses, also presumably will have identification numbers). The list, if consistently and accurately maintained, would allow the animal shelter to determine whether a seized dog currently has a valid license (and, necessarily, an identification number). To redeem a dog wearing its identification tag, the owner of record could show proof of his or her identity; the animal shelter could compare that proof against the Town's list. The owner's proof of identity, the identification tag on the dog, and the presence of the owner's name on the Town's list collectively would confirm the owner of record's ownership of the particular dog and compliance with the licensure and identification requirements. To redeem a dog not wearing its identification tag, the owner of record would have to produce more than proof of his or her identity; he or she would have to prove ownership of the specific dog—for example, by producing the identification tag the dog should have been wearing when it was seized.

In summary, we conclude that a consistently- and accurately-maintained list of dogs licensed by the Town may constitute a valid component of a system whereby

owners redeem their seized dogs by producing proof of the identity of the owner and, if necessary, of the dog.

The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,


KATHRYN SHEINGOLD
Assistant Solicitor General
  in Charge of Opinions